[Cite as *Stowe v. Chuck's Automotive Repair, L.L.C.*, 2018-Ohio-572.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN R. STOWE

    Appellant

    v.

CHUCK'S AUTOMOTIVE REPAIR, LLC

    Appellee

C.A. No.     28686

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    CVF 1501913

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

---

TEODOSIO, Judge.

**{¶1}** John R. Stowe appeals the judgment entered on June 12, 2017, by the Barberton Municipal Court. We affirm in part, and reverse and remand in part.

I.

**{¶2}** Beginning in February 2013, Mr. Stowe entered into a commercial lease agreement with Chuck's Automotive Repair LLC ("Chuck's Automotive") whereby Chuck's Automotive provided him with storage and warehouse space in one of the buildings it owned. Mr. Stowe filed a complaint against Chuck's Automotive in October 2015, and an amended complaint in December 2015, stating a claim for damage to Mr. Stowe's pickup truck allegedly caused by shingles that had come from the roof of the storage space, as well as a consumer sales practices claim pursuant to R.C. 1345.03. Chuck's Automotive filed an answer to the amended complaint and asserted a counterclaim for Mr. Stowe's alleged failure to pay for automotive repairs. A trial was conducted in May 2016, and on August 2, 2016, a magistrate's decision was

entered in favor of Chuck's Automotive as to Mr. Stowe's amended complaint and dismissing the counterclaim.

{¶3} On August 16, 2016, Mr. Stowe filed his objections to the magistrate's decision, stating:

Plaintiff objects to the [magistrate's] finding that:
1. Plaintiff failed to prove by a preponderance of the evidence that his truck was damaged by shingles which fell from the roof of Defendant's building;

2. Plaintiff failed to prove by a preponderance of the evidence that Defendant was negligent in his upkeep and/or repair of the roof;

3. Defendant failed to claim, argue, or offer any proof that the damage to Plaintiff's truck was from an act of God;

4. Repairs to Plaintiff's wife's automobile were not a "Consumer Transaction" and therefore not subject to [R.C.] 1345.02 et seq.

Mr. Stowe noted he would supplement his objections with specific references to testimony and exhibits after being provided with the transcript of the proceedings. Mr. Stowe's supplement, filed on October 28, 2016, does not state any additional objections to the magistrate's decision, not does it address the four original objections separately; rather, the supplement is divided into a section setting forth the background of the case, a section offering a statement of facts, and a section captioned "LAW AND ARGUMENT."

{¶4} On January 3, 2017, the trial court overruled Mr. Stowe's objections "with the exception of the 'act of God' finding," which it struck from the magistrate's decision on the grounds that such a defense was neither plead nor argued. An attempted appeal of that order was dismissed by this Court because the trial court had failed to independently enter a judgment. Subsequently, on June 12, 2017, the trial court entered judgment in favor of Chuck's automotive and dismissed the counterclaim.

**{¶5}** Mr. Stowe now appeals, raising six assignments of error, which have been reordered for the purpose of discussion.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT FAILED TO MAKE AN INDEPENDENT REVIEW AS TO THE OBJECTED MATTERS TO ASCERTAIN THAT THE MAGISTRATE PROPERLY DETERMINED THE FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

**{¶6}** Mr. Stowe argues the trial court erred because it did not independently review the magistrate's decision, conduct a de novo review of the record, and make its own independent determination as to whether the magistrate properly determined factual issues and appropriately applied the law. We agree.

**{¶7}** "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio-3788, ¶ 5. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶8}** Civ.R. 53(D)(4)(d) provides: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations." *Lakota v. Lakota*, 9th

Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14. "The independent review requirement of Civ.R. 53(D)(4)(d), * * * does not prohibit the trial court from deferring to the magistrate's resolution of credibility because the magistrate retains a superior position, as the trier of fact, to consider the demeanor of witnesses and evaluate their credibility." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 14. However, "[a] trial court is not allowed to defer to the magistrate in determining the weight and importance of evidence." *In re J.W.*, 9th Dist. Lorain No. 10CA009939, 2011-Ohio-3744, ¶ 26.

{¶9} In support of his argument, Mr. Stowe points to the trial court's statement that the magistrate "was in the best position to determine the credibility of the witnesses and to weigh the sufficiency of the evidence presented at trial." Although the trial court may defer to the magistrate's resolution of credibility issues, it may not defer to the magistrate in determining the weight and importance of the evidence. *See id*. Because the trial court indicated that it deferred to the magistrate as to the weighing of the evidence, we conclude that it failed to conduct an independent review of the magistrate's decision as required by Civ.R. 53(D)(4)(d), thereby abusing its discretion.

{¶10} Mr. Stowe's first assignment of error is sustained.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED WHEN IT FAILED TO FIND BY THE MANIFEST WEIGHT OF THE EVIDENCE THAT PLAINTIFF'S TRUCK WAS DAMAGED BY SHINGLES WHICH FELL FROM THE ROOF OF THE LEASED PREMISES ON NOVEMBER 24, 2014.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE TESTIMONY OF MR. DICE SUPPORTED THE FINDING OF THE MAGISTRATE THAT PLAINTIFF FAILED TO MEET ITS BURDEN OF PROOF.

{¶11} We do not reach the merits of assignments of error three and four because our resolution of the first assignment of error necessitates further factual considerations by the trial court. We therefore decline to address assignments of error three and four as they are rendered moot. *See* App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED WHEN IT FAILED TO APPROPRIATELY APPLY THE LAW WHEN IT PERFORMED AN INDEPENDENT ANALYSIS OF THE ISSUES OF THIS CASE.

ASSIGNMENT OF ERROR FIVE

AS A MATTER OF LAW DEFENDANT IS LIABLE FOR THE DAMAGE CAUSED BY THE SHINGLES THAT STRUCK PLAINTIFF'S VEHICLE ON NOVEMBER 24, 2014[,] REGARDLESS OF WHERE THEY CAME FROM.

{¶12} In his second assignment of error, Mr. Stowe argues the trial court erred in applying tort law to the facts and contends that Chuck's Automotive is strictly liable, as a matter of contract, for the damage caused by shingles that had become dislodged on November 24, 2014. In his fifth assignment of error, Mr. Stowe argues that Chuck's Automotive is liable as a matter of law for damages under a theory of a breach of agreement to repair, regardless of where the shingles originated. We disagree.

{¶13} Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." None of the four objections raised by Mr. Stowe address the issue of contractual liability. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18.

{¶14} We further note that the lease at issue was made between SB Contracting and Chuck's Automotive. At hearing before the trial court, counsel for Mr. Stowe was adamant that

SB Contracting was "not, in any way, shape or form, a party to this litigation." Consequently, even if the lease did provide any warranty against damage, it would not be enforceable by Mr. Stowe, who was not a party to the lease in his individual capacity.

{¶15} Mr. Stowe's second and fifth assignments of error are overruled.

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED IN DETERMINING THAT REPAIRS MADE BY DEFENDANT TO PLAINITFF'S WIFE'S PERSONAL AUTOMOBILE WERE NOT A CONSUMER TRANSACTION UNDER [R.C.] 1345.01.

{¶16} In his sixth assignment of error, Mr. Stowe argues the trial court erred in determining that repairs made by Chuck's Automotive to his wife's automobile were not a consumer transaction under R.C. 1345.01.

{¶17} As indicated by the trial court, Mr. Stowe's "objection concerning the repairs to his wife's vehicle was neither argued by [him] nor supported by any authority in his supplement to his objections." As we have previously stated, "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon* at ¶ 18.

{¶18} Mr. Stowe's sixth assignment of error is overruled.

III.

{¶19} Mr. Stowe's first assignment error is sustained. Mr. Stowe's second, fifth, and sixth assignments of error are overruled. The third and fourth assignments of error are dismissed as moot. The judgment of the Barberton Municipal Court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DANIEL M. WALPOLE, Attorney at Law, for Appellant.

TERRENCE UFHOLZ, Attorney at Law, for Appellee.