[Cite as *Stowe v. Chuck's Automotive Repair, L.L.C.*, 2019-Ohio-1158.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JOHN R. STOWE | C.A. No.      29017 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHUCK'S AUTOMOTIVE REPAIR, LLC | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.      CVF 10501913 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

TEODOSIO, Judge.

**{¶1}** John R. Stowe appeals the order of the Barberton Municipal Court overruling his objections to the magistrate's decision. We affirm.

I.

**{¶2}** We previously set forth the facts of this case in *Stowe v. Chuck's Automotive Repair, LLC*, 9th Dist. Summit No. 28686, 2018-Ohio-572.

> Beginning in February 2013, Mr. Stowe entered into a commercial lease agreement with Chuck's Automotive Repair LLC ("Chuck's Automotive") whereby Chuck's Automotive provided him with storage and warehouse space in one of the buildings it owned. Mr. Stowe filed a complaint against Chuck's Automotive in October 2015, and an amended complaint in December 2015, stating a claim for damage to Mr. Stowe's pickup truck allegedly caused by shingles that had come from the roof of the storage space, as well as a consumer sales practices claim pursuant to R.C. 1345.03. Chuck's Automotive filed an answer to the amended complaint and asserted a counterclaim for Mr. Stowe's alleged failure to pay for automotive repairs. A trial was conducted in May 2016, and on August 2, 2016, a magistrate's decision was entered in favor of Chuck's Automotive as to Mr. Stowe's amended complaint and dismissing the counterclaim.

On August 16, 2016, Mr. Stowe filed his objections to the magistrate's decision, stating:

> Plaintiff objects to the [magistrate's] finding that:
>
> 1. Plaintiff failed to prove by a preponderance of the evidence that his truck was damaged by shingles which fell from the roof of Defendant's building;
>
> 2. Plaintiff failed to prove by a preponderance of the evidence that Defendant was negligent in his upkeep and/or repair of the roof;
>
> 3. Defendant failed to claim, argue, or offer any proof that the damage to Plaintiff's truck was from an act of God;
>
> 4. Repairs to Plaintiff's wife's automobile were not a "Consumer Transaction" and therefore not subject to [R.C.] 1345.02 et seq.

Mr. Stowe noted he would supplement his objections with specific references to testimony and exhibits after being provided with the transcript of the proceedings. Mr. Stowe's supplement, filed on October 28, 2016, does not state any additional objections to the magistrate's decision, not does it address the four original objections separately; rather, the supplement is divided into a section setting forth the background of the case, a section offering a statement of facts, and a section captioned "LAW AND ARGUMENT."

On January 3, 2017, the trial court overruled Mr. Stowe's objections "with the exception of the 'act of God' finding," which it struck from the magistrate's decision on the grounds that such a defense was neither plead nor argued. An attempted appeal of that order was dismissed by this Court because the trial court had failed to independently enter a judgment. Subsequently, on June 12, 2017, the trial court entered judgment in favor of Chuck's automotive and dismissed the counterclaim.

*Id*. at ¶ 2-4.

**{¶3}** Mr. Stowe appealed to this Court, whereupon we affirmed in part and reversed and remanded in part, concluding that because the trial court indicated that it had deferred to the magistrate as to the weighing of the evidence, it had failed to conduct an independent review of the magistrate's decision as required by Civ.R. 53(D)(4)(d). *Id*. at ¶ 1, 9. Upon remand, the trial

court issued an order overruling Mr. Stowe's objections and entered judgment adopting the magistrate's decision on April 19, 2018. Mr. Stowe appeals, raising eight assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT FAILED TO MAKE AN INDEPENDENT REVIEW AS TO THE OBJECTED MATTERS TO ASCERTAIN THAT THE MAGISTRATE PROPERLY DETERMINED THE FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

ASSIGNMENT OF ERROR TWO

ON REMAND THE TRIAL COURT AGAIN FAILED TO CONDUCT A [CIV.R. 53(D)(4)(d)] REVIEW OF THE MAGISTRATE DECISION AND TO MAKE ITS OWN INDEPENDENT DETERMINATION WHETHER OR NOT THE MAGISTRATE PROPERLY DETERMINED THE FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

{¶4} In his first and second assignments of error, Mr. Stowe argues the trial court erred because it did not conduct an independent review of the magistrate's decision. We disagree.

{¶5} "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} Civ.R. 53(D)(4)(d) provides: "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The independent review that is required of the trial court has two components: (1) whether, with respect to the objected

matters, the magistrate properly determined the factual issues before it, and (2) whether the magistrate appropriately applied the law to those factual determinations." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 14.

{¶7} "Appellate courts * * * presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *." *Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 27. "Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 53. "An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. Lucas No. L-05-1197, 2006-Ohio-1992, ¶ 21.

{¶8} "[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent review of the objected matters as required by Civ.R. 53(D)(4)(d)." *In re G.C.*, 12th Dist. Butler Nos. CA2016-12-237, CA2016-12-238, CA2016-12-239, and CA2016-12-240, 2017-Ohio-4226, ¶ 18. "While citing such material would tend to demonstrate that the trial court conducted the requisite independent review, there is no requirement in Civ.R. 53(D)(4)(d) that the trial court do so." *Hampton v. Hampton*, 12th Dist. Clermont No. CA2007-03-033, 2008-Ohio-868, ¶ 17. Likewise, we cannot conclude that the trial court did not conduct an independent review simply because it did not discuss every conceivable characterization of the evidence. *See Brandon v. Brandon*, 3d Dist. Mercer No. 10-08-13, 2009-Ohio-3818, ¶ 35.

{¶9} In its order, the trial court stated that it had "conducted an independent review of the objections, [Chuck's Automotive's] responses, the transcript of proceedings, and the exhibits

submitted by the parties at trial." Although the trial court did not enumerate and separately address each of Mr. Stowe's objections, neither did it merely adopt the magistrate's decision without engaging in any analysis. In its order ruling on objections, the trial court pointed to testimony not referenced by the magistrate's decision. In addition, the trial court struck the finding of the magistrate referencing an "act of God," concluding that Chuck's Automotive neither plead nor argued such an affirmative defense.

{¶10} Mr. Stowe thus bears the burden of affirmatively demonstrating the trial court's failure to perform its duty of independent analysis. *See Freeman* at ¶ 53. As we have noted, affirmative duty requires more than a mere inference, it requires an appellant to provide this Court with facts to rebut our general presumption of regularity. *See In re Taylor G.* at ¶ 21. Mr. Stowe has not affirmatively demonstrated the trial court's failure to perform its duty of independent analysis. We therefore conclude the trial court did not fail to conduct an independent review of the magistrate's decision.

{¶11} Mr. Stowe's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT FAILED TO CONDUCT A [CIV.R. 53(D)(4)(d)] REVIEW OF THE MAGISTRATE'S FINDING THAT PLAINTIFF FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HIS TRUCK WAS DAMAGED BY SHINGLE WHICH FELL FROM THE ROOF OF DEFENDANT'S BUILDING.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED WHEN IT FAILED TO FIND BY THE MANIFEST WEIGHT OF THE EVIDENCE THAT PLAINTIFF'S TRUCK WAS DAMAGED BY SHINGLES WHICH FELL FROM THE ROOF OF THE LEASED PREMISES ON NOVEMBER 24, 2014.

{¶12} In his third and fourth assignments of error, Mr. Stowe argues the trial court failed to review the magistrate's finding that he failed to prove by a preponderance of the evidence that

his truck was damaged by shingles that fell from the roof of Chuck's Automotive's building and erred when it failed to find that the truck was damaged by such shingles. We disagree.

{¶13} The first count of Mr. Stowe's amended complaint states a cause of action sounding in negligence, alleging that Chuck's Automotive "negligently maintained and/or repaired the roof and roof shingles" of the building at issue, and that "[a]s a direct and proximate result of Defendant Chuck's Automotive's failure to maintain the roof and take proper care to protect Plaintiff Stowe's truck from being damaged during repairs, Plaintiff Stowe's truck was repeatedly struck by falling debris."

{¶14} The magistrate's decision found that Mr. Stowe "failed to prove by a preponderance of the evidence that [Chuck's Automotive] was negligent in its upkeep and/or repair to the roof of the commercial building." The magistrate's decision also found that Mr. Stowe "failed to prove by a preponderance of the evidence what caused the damages to the pickup truck." In his objections to the magistrate's decision, Mr. Stowe objected to the finding that "Plaintiff failed to prove by a preponderance of the evidence that his truck was damaged by shingles which fell from the roof of Defendant's building."

{¶15} Although the trial court did not directly address the magistrate's finding that Mr. Stowe had failed to prove by a preponderance of the evidence what caused the damage to his pickup truck, Mr. Stowe has not shown that he was prejudiced by the trial court's failure to specifically address that finding of fact. Even if the trial court had agreed with Mr. Stowe that the preponderance of the evidence showed that a shingle from the roof of the commercial building had damaged the vehicle, it would not change the determination by the trial court that Mr. Stowe had failed to prove that Chuck's Automotive was negligent in the repair or upkeep of the roof. We therefore conclude any error by the trial court was harmless. *See* Civ.R. 61.

{¶16}   Mr. Stowe's third and fourth assignments of error are overruled.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE TESTIMONY OF MR. DICE SUPPORTED THE FINDING OF THE MAGISTRATE THAT PLAINTIFF FAILED TO MEET ITS BURDEN OF PROOF.

{¶17}   In his fifth assignment of error, Mr. Stowe argues the trial court erred in finding that the testimony of Eddie Dice supported the magistrate's finding that Mr. Stowe had failed to meet his burden of proof.  We disagree.

{¶18}   The trial court found that "the testimony of Mr. Eddie Dice and his opinion that there was no recent replacement of shingles to the roof (Tr. P.17) supports the findings of the Magistrate that [Mr. Stowe] failed to meet his burden of proof."  Mr. Dice testified that he viewed an area of the roof where "four shingles * * * had been replaced * * * five to ten years ago."  He reiterated this testimony in stating that he viewed "an area that had four shingles * * * replaced maybe five years ago."  When directly asked if the shingles had been replaced recently, Mr. Dice testified: "Recently, no, it sure did not look like that to me.  The question was later repeated:

> Q.  Okay.  When you were on the roof and you were inspecting everything that was up there, did you observe any area of that roof that appeared to have been replaced since 2014?
>
> A.  Recently, no.  Nothin' had been replaced recently.

{¶19}   In reviewing the testimony of Mr. Dice, we find no abuse of discretion by the trial court in finding that it supported the findings of the Magistrate that Mr. Stowe had failed to meet his burden of proof.

Mr. Stowe's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED WHEN IT FAILED TO APPROPRIATELY APPLY THE LAW WHEN IT PERFORMED AN INDEPENDENT ANALYSIS OF THE ISSUES OF THIS CASE.

**{¶20}** In his sixth assignment of error, Mr. Stowe argues the trial court erred in applying the law of torts to the case and contends that Chuck's Automotive is strictly liable, as a matter of contract, for the damages allegedly caused by the shingles.

**{¶21}** Mr. Stowe raised this argument to this Court in his previous appeal. *Stowe v. Chuck's Automotive Repair, LLC*, 9th Dist. Summit No. 28686, 2018-Ohio-572, ¶ 12. We noted that Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection" and that "[i]ssues that were not raised to the trial court may not be considered for the first time on appeal." *Stowe* at ¶ 13, quoting *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075–M, 2006–Ohio–3118, ¶ 18. In overruling the assignment of error, we concluded that Mr. Stowe's objections to the magistrate's decision did not raise the issue of contract liability. *Id*. That ruling remains the law of this case. *See, e.g., Hood v. Diamond Prods., Inc.*, 137 Ohio App.3d 9, 11 (9th Dist.2000), quoting *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.*, 81 Ohio St.3d 214, 218 (1998) ("[T]he doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'").

**{¶22}** Mr. Stowe's sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR SEVEN

PLAINTIFF OBJECTED TO THE MAGISTRATE DECISION THAT PLAINTIFF FAILED TO PROVE DEFENDANT WAS NEGLIGENT IN THE REPAIR OR UPKEEP OF THE ROOF AND PRESERVED THAT OBJECTION FOR REVIEW.

{¶23} Mr. Stowe's seventh assignment of error presents no error assignable to the trial court for our review. We therefore decline to consider it.

ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD THAT THE EVIDENCE SUPPORTED THE MAGISTRATE'S FINDING THAT PLAINTIFF FAILED TO PROVE DEFENDANT WAS NEGLIGENT IN THE REPAIR OR UPKEEP OF THE ROOF.

{¶24} In his eighth assignment of error, Mr. Stowe argues the trial court erred in its determination that the evidence supported the magistrate's finding that Mr. Stowe failed to prove that Chuck's Automotive was negligent in the repair or upkeep of the roof.

{¶25} Mr. Stowe objected to the finding of the magistrate's decision that Mr. Stowe had "failed to prove by a preponderance of the evidence that [Chuck's Automotive] was negligent in its upkeep and/or repair to the roof of the commercial building." In ruling upon the objection, the trial court concluded that this finding of the magistrate was supported by the evidence.

{¶26} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. *Angle v. Western Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729-M, 1998 WL 646548, *1 (Sept. 16, 1998); *Frecska v. Frecska*, 9th Dist. Wayne No. 96CA0086, 1997 WL 625488, *2 (Oct. 1, 1997). *See also* App.R. 16(A)(7) and Loc.R. 7(B)(7). An appellant's brief is required to contain argument and law "with citations to the authorities, statutes, and parts of the record on which the appellant relies." App.R. 16(A)(7). This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. *See* App.R. 12(A)(2). *See also Smith v. Akron Dept. of Pub. Health*, 9th Dist. Summit No. 21103, 2003-Ohio-93, ¶ 28.

**{¶27}** Mr. Stowe has failed to support his argument under this assignment of error with any citations to the parts of the record on which he relies or to any relevant case law. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619, *3 (Feb. 9, 1999). *See also* App.R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996).

**{¶28}** Pursuant to App.R. 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required by App.R. 16(A)." This rule reflects the principle that "[a]n appellant bears the burden of affirmatively demonstrating error on Appeal." *In re Robinson*, 9th Dist. Summit No. 20826, 2002 WL 501149, *2 (Apr. 3, 2002). It is not the obligation of this Court to search the record for evidence to support an appellant's claim of an alleged error. *In re Williams*, 9th Dist. Summit No. 19806, 2000 WL 1349805, *2 (Sept. 20, 2000).

**{¶29}** Accordingly, pursuant to App.R. 12(A)(2), we decline to address this assignment of error.

### III.

**{¶30}** Mr. Stowe's first, second, third, fourth, fifth, and sixth assignments of error are overruled. We decline to address the seventh and eighth assignments of error. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIEL W. WALPOLE, Attorney at Law, for Appellant.

L. TERRENCE UFHOLZ, Attorney at Law, for Appellee.