[Cite as *Figetakis v. My Pillow, Inc.*, 2020-Ohio-3949.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

MARK FIGETAKIS

    Appellant

    v.

MY PILLOW, INC. and
MIKE LINDELL (CEO)

    Appellees

C.A. No.     29136

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    18 CVI 00797

DECISION AND JOURNAL ENTRY

Dated: August 5, 2020

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Mark Figetakis appeals the decision of the Akron Municipal Court adopting the magistrate's decision. For the reasons that follow, this Court dismisses the attempted appeal for lack of jurisdiction.

I.

**{¶2}** In January 2018, Mr. Figetakis filed a complaint in the Small Claims Division of the Akron Municipal Court naming two defendants: Mike Lindell C.E.O., and My Pillow, Inc. In his complaint, Mr. Figetakis sought $6,000 in damages for an alleged failure to honor a guarantee and alleged false advertisement.

**{¶3}** The matter proceeded to a hearing before a magistrate in April 2018. Mr. Figetakis appeared at the hearing without counsel. A representative of My Pillow, Inc. appeared, without counsel, on behalf of the company, but Mike Lindell C.E.O. did not appear at the hearing. The parties presented testimony and submitted evidence during the hearing.

{¶4}   The magistrate issued a decision on June 4, 2018, with findings of fact and conclusions of law.  The magistrate concluded that Mr. Figetakis entered into an agreement with My Pillow, Inc. "to purchase a pillow and both parties performed their duties under the agreement." The magistrate further concluded that My Pillow, Inc. honored its warranty when it sent Mr. Figetakis a replacement pillow and then offered to give him another replacement pillow.  Finally, the magistrate concluded Mr. Figetakis was not entitled to a full refund for the pillows. Consequently, the magistrate recommended that the trial court enter judgment against Mr. Figetakis and in favor of the defendants.

{¶5}   Mr. Figetakis filed objections asserting that "[t]here are many errors of law and fact" in the magistrate's decision.  On July 13, 2018, the trial court issued a "ruling on the objection," overruling Mr. Figetakis's objections and adopting the magistrate's decision. Thereafter, Mr. Figetakis moved the trial court to reconsider its decision.  However, the trial court overruled his motion, stating that final orders are not subject to reconsideration, that a motion filed after final judgment is a nullity, and that the trial court's "July 1[3], 2018 [o]rder is a final judgment" entry.

{¶6}   Mr. Figetakis timely appealed the trial court's decision, presenting three assignments of error for our review.  Recognizing that the decision being appealed adopted the magistrate's decision, this Court ordered the parties to file responses addressing the issue of whether the trial court had independently entered judgment.  Mr. Figetakis submitted a perplexing response vaguely discussing issues of finality, but not directly addressing whether the trial court independently entered judgment on the magistrate's decision.  The response references the trial court's denial of the motion to reconsider that Mr. Figetakis filed subsequent to the trial court's ruling on his objections and adopting the magistrate's decision.  In his response, Mr. Figetakis

requested that this Court not dismiss the appeal. My Pillow, Inc. and Mike Lindell C.E.O did not file a response. This Court provisionally determined that the matter could proceed, but indicated that the issue of jurisdiction may be revisited upon review of the record during the final disposition of the appeal.

II.

### Assignment of Error I

**The Court of Appeals lacks subject matter jurisdiction over the appeal because the order entered by the trial court did not adjudicate all of the pending claims.**

### Assignment of Error II

**The Akron Municipal Court decision by Judge Ca[b]le dated July 13, 2018, in case 18CVI 00797 ruling on objections fails to comply with Ohio Supreme Court Case: Chef Italiano Corporation v. Kent State University ET.AL. Citation 44 Ohio St 3d86 Ohio 1989:541 NE 2d64. This case is the determination as to a final appealable order and jurisdiction, a final appealable order must comply with both Civ.R. 54(B) and express determination is made that "There is no just reason for delay." Also R.C. 2505.02 must be met and is included. [Sic.]**

### Assignment of Error III

**Furthermore, in Case No. 29136, Magistrate's Appeal Court Walsh order dated August, 10, 2018, stated "upon review of the initial filing this court requires additional information to determine its jurisdiction to consider this appeal. Specifically, it is unclear whether the trial court has independently entered judgment on the Magistrate's decision because the order appealed only ruled on objections. When a case is heard by a Magistrate, the trial court must still enter its judgment on all claims before it. Matters initially heard by a magistrate are not final until a judge separately enters his or her judgment setting forth the outcome of the dispute and the remedy provided. [Sic.]**

{¶7} To the extent Mr. Figetakis raises cognizable arguments in his three assignments of error, the focus of those arguments does not relate to the merits of the trial court's decision. In his first assignment of error, Mr. Figetakis argues that this Court lacks jurisdiction over the appeal because the magistrate's June 4, 2018 order failed to adjudicate all claims and contends that the

magistrate failed to include Civ.R. 54(B) language. Consequently, he argues, the trial court's ruling on his objections to the magistrate's decision were moot, rendering the trial court's decision a non-final order. In his second assignment of error, Mr. Figetakis argues the trial court's decision is not final or appealable because it failed to comply with Civ.R. 54(B) and R.C. 2505.02, and because he alleges there are claims and unspecified issues that have not been decided. It is difficult to decipher any argument in the third assignment of error, but Mr. Figetakis appears to challenge the magistrate's order—issued in the present appeal—questioning this Court's jurisdiction to consider this appeal.

{¶8} The collective focus of Mr. Figetakis's arguments is on the finality of the trial court's order and this Court's jurisdiction to hear his appeal. After reviewing the record this Court agrees that the decision appealed is not a final appealable order, but for reasons other than those asserted in Mr. Figetakis's brief.

{¶9} "[O]nly a judge, not a magistrate, may terminate a claim or action by entering judgment." *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218 (9th Dist.2000). "A magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b). "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). "A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment * * *." Civ.R. 53(D)(4)(e).

{¶10} "A decision announces what the judgment will be[,]" while the actual entry of judgment "unequivocally orders the relief." *Harkai* at 216, citing *St. Vincent Charity Hosp. v. Mintz*, 33 Ohio St.3d 121, 123 (1987). Even if a "judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided." *Harkai* at 218. "[A] trial court order stating *only* that it is adopting a magistrate's decision does not disclose how the trial court is resolving the issues submitted to it, and, therefore, is not final." (Emphasis sic.) *Id*. at 221. Thus, for a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must independently enter judgment setting forth the outcome of the dispute, indicating the remedy provided, and fully determining the action. *Thompson v. Thompson*, 9th Dist. Medina No. 07CA0023-M, 2009-Ohio-179, ¶ 9-10.

{¶11} Where, as is the case here, the trial court states that the magistrate's decision is adopted, but "the court's own judgment [i]s not independently set forth[,]" the order is not final. *Bergin v. Berezansky*, 9th Dist. Summit No. 21451, 2003-Ohio-4266, ¶ 6-7. The trial court's ruling on the objection to the magistrate's decision reflects that the court considered the objections, reviewed the transcripts of the hearing before the magistrate, and undertook a review of the magistrate's decision. In its ruling, the trial court noted that the magistrate concluded Mr. Figetakis "was not entitled to a full refund" and that the magistrate recommended "that [Mr. Figetakis]'s complaint be denied." However, in overruling Mr. Figetakis's objections and adopting the magistrate's decision, the trial court did not independently act upon the magistrate's recommendation by entering judgment against Mr. Figetakis and in favor of defendants My Pillow, Inc. and Mike Lindell, C.E.O.

**{¶12}** The July 13, 2018 ruling Mr. Figetakis has attempted to appeal fails to independently set forth the court's judgment. While "[t]he trial court most likely intended that this entry constitute the 'judgment' in the case[;]" "[i]t is the substance of the entry, however, that must control." *Harkai* at 220. Although the trial court stated it was adopting the magistrate's decision, the trial court did not separately enter a judgment setting forth the outcome of the dispute in a manner that would make clear the relief afforded to the parties.

III.

**{¶13}** This Court lacks jurisdiction to consider this appeal because Mr. Figetakis has not appealed from a final appealable order.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MARK FIGETAKIS, pro se, Appellant.

RONALD D. HOLMAN, II, and MICHAEL J. ZBIEGIENM, JR., Attorneys at Law, for Appellees.