[Cite as *Scalise, Summit Cty. Fiscal Officer v. Johnston Invests., L.L.C.*, 2021-Ohio-2916.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KRISTEN SCALISE, as Fiscal Officer of
Summit County, Ohio

    Appellee

    v.

JOHNSTON INVESTMENTS, LLC

    Defendant

    and

XE PROPERTIES, LLC, et al.

    Appellants

C.A. No.      29383

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2017-06-2726

DECISION AND JOURNAL ENTRY

Dated: August 25, 2021

CARR, Judge.

{¶1}    Defendants-Appellants XE Properties, LLC and Gary Thomas appeal from the judgments of the Summit County Court of Common Pleas.  This Court reverses.

I.

{¶2}    The matter before this Court began as a foreclosure for unpaid real property taxes on property located on South Arlington Street and was initiated by Plaintiff-Appellee Kristen M. Scalise, Fiscal Officer, Summit County Fiscal Office ("Fiscal Officer").  The record owner of the property at the time of the foreclosure complaint was 627 S Arlington St LLC, an entity incorporated by Mr. Thomas.  A foreclosure order was issued, and a sheriff's sale was held.  XE Properties, LLC placed the highest bid of $57,000 at the sale.  Mr. Thomas was listed as the

contact person for XE Properties, LLC.  An order confirming the sale was issued September 4, 2018.  An amended order confirming the sale was filed September 20, 2018.

{¶3}    That order provided in part the following:

It is further Ordered that the Sheriff convey the premises so sold * * * to the purchaser(s):  XE Properties LLC., c/o Gary Thomas * * * by deed according to law.

* * *

It is further Ordered that title to the parcel is incontestable in the purchase and free of all liens and encumbrances as provided by law.

It is further Ordered that a writ of possession be and is hereby awarded to put said purchaser in possession of said premises.

It is further Ordered that the Clerk of Court cause a memorandum of release of mortgage or other lien on said premises to be entered on the record thereof in the office of the Fiscal Officer of Summit County, Ohio.

And this cause coming on further to be heard upon the pleadings herein and upon motion to distribute the proceeds of the sale, amounting to the sum of $57,000.00, it is further Ordered that the Sheriff of Summit County, Ohio, pay:

FIRST:  Pursuant to Local Rule 11.08, the purchaser(s) must provide a certificate to the Summit County Sheriff that shows that all taxes were paid in full to the Summit County Fiscal Officer and the Fiscal Officer shall distribute said funds as provided by law.  Total amount to be paid by purchaser to Fiscal Office: $14,180.27[;]

SECOND:  To the Clerk of Courts, for their costs in this action, the sum of $2,359.93;

THIRD:  To the Sheriff of Summit County, for their costs in this action, including deed and poundage, the sum of $823.10[;]

FOURTH:  To Equity Trust Company, Custodian FBO Maria Bush IRA # 93503, the sum of $39,626.70[.]

{¶4}    On October 23, 2018, Appellee Steve Barry, the Summit County Sheriff ("the Sheriff") moved the trial court for an order finding Mr. Thomas and XE Properties, LLC in contempt pursuant to R.C. 2329.30 and Loc.R. 11 and 12 of the Court of Common Pleas of

Summit County, General Division "for failing to pay the balance of the bid amount, including but not limited to, the court costs and the rest of the bid amount, and to supply the necessary document to complete this Sheriff sale * * * within 30 days of the filing of the Confirmation of Sale."

{¶5} XE Properties, LLC and Mr. Thomas responded in opposition. They argued that XE Properties, LLC had paid all of the taxes due and that, on October 26, 2018, XE Properties, LLC made a direct payment to the mortgage holder, Equity Trust Company, Custodian FBO, Maria Bush IRA #93503 ("Equity Trust"). XE Properties, LLC indicated that it would pay the remaining balance of costs when Mr. Thomas returned to Ohio. The docket contains a filing dated October 26, 2018, reflecting that Equity Trust received payment of $39,626.70 from XE Properties, LLC. On November 29, 2018, an amended docket receipt was filed. That document stated that, "[t]o correct the record, Equity Trust [] received a new mortgage on another bank of properties by XE Properties, LLC, not a direct payment, therefore the mortgage in the above captioned case is satisfied and replaced by the new mortgage. Due to the new mortgage, Equity Trust [] waives any interest in the available funds in this case in the amount of $39,626.70."

{¶6} A hearing was held before a magistrate. On December 4, 2018, the magistrate issued a decision finding Mr. Thomas and XE Properties, LLC in contempt of court. The magistrate ordered the confirmation of sale order and the Sheriff's sale vacated. In addition, the magistrate concluded that, Mr. Thomas and XE Properties, LLC "or any other business entity of Gary Thomas be, and hereby is, barred from bidding at a Summit County Sheriff sale, on any real property that Gary Thomas or one of his business entities currently owns, or did own at the time of the filing of the foreclosure action from which the Sheriff sale was ordered to sale."

{¶7} On December 10, 2018, the action involving South Arlington Street was consolidated with several other tax foreclosure cases in which Mr. Thomas was the agent and/or member of the entities involved. All of the cases were consolidated under the case captioned *Scalise, Fiscal Officer Summit County Fiscal Office v. Johnston Investments, LLC, et al.* A similar order was also filed on December 17, 2018.

{¶8} On December 17, 2018, XE Properties, LLC and Mr. Thomas filed objections to the magistrate's decision. Therein, they argued that "XE Properties has complied with the requirements contemplated by the Order[.]" They further asserted that any non-compliance did not result in prejudice. XE Properties, LLC and Mr. Thomas pointed out that XE Properties, LLC had paid all of the taxes, had tried to pay the court costs but the Sheriff refused to allow payment of the same, and that the trial court was informed that the existing mortgage on the property was satisfied and a new mortgage "secured by another bank of properties by XE Properties" was executed. XE Properties, LLC and Mr. Thomas argued that the latter was tantamount to a payment of $39,626.70 as required.

{¶9} XE Properties, LLC and Mr. Thomas additionally objected on the grounds that it was not XE Properties, LLC's duty to supply additional documents, that Mr. Thomas was not a purchaser and, under R.C. 1705.48, he was not personally liable for the amounts owed. Thus, they argued that Mr. Thomas should not have been found in contempt. Finally, they asserted that the punishment, which included a bar on who could bid on future sales, was unconstitutional.

{¶10} That same day, Equity Trust also filed objections to the magistrate's decision. Mr. Thomas and XE Properties, LLC later re-filed their objections under the consolidated case number.

{¶11} On March 29, 2019, the trial court overruled XE Properties, LLC and Mr. Thomas' objections. The trial court adopted the magistrate's decision, including its findings and conclusion. The trial court found Mr. Thomas and XE Properties, LLC in contempt for failing to pay the balance due for over 30 days since the filing of the amended confirmation of sale. The amended confirmation of sale and the Sheriff's sale were vacated. Certain monies were ordered returned to XE Properties, LLC. Mr. Thomas' and XE Properties, LLC's deposit was ordered forfeited. Finally, Mr. Thomas and XE Properties, LLC, along with any other business entity of Mr. Thomas, was barred from bidding at a Summit County Sheriff sale on any real property that Mr. Thomas or any of his business entities then owned or did own at the time of the foreclosure action. The entry included Civ.R. 54(B) language.

{¶12} On April 18, 2019, XE Properties, LLC and Mr. Thomas filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). They again argued that Mr. Thomas was not required to pay the purchase price and should not have been found in contempt. They also maintained that the trial court lacked subject matter jurisdiction to hold Mr. Thomas in contempt because he was not a purchaser and that the finding of contempt violated his right to due process. An opposition to the motion was filed.

{¶13} On April 26, 2019, Mr. Thomas and XE Properties, LLC filed a notice of appeal, appealing the March 29, 2019 entry of the trial court. Thereafter, Mr. Thomas and XE Properties, LLC moved this Court to stay the appeal and remand the matter to the trial court to rule on the pending Civ.R. 60(B) motion. This Court granted the motion. On July 24, 2019, the trial court denied the Civ.R. 60(B) motion. On July 25, 2019, this Court issued an order extending the remand following a request by Mr. Thomas and XE Properties, LLC.

{¶14} On August 22, 2019, Mr. Thomas and XE Properties, LLC filed a second motion for relief from judgment pursuant to Civ.R. 60(B)(5). Mr. Thomas and XE Properties, LLC asserted that one of the other consolidated cases involving TXS Property Services, LLC presented similar facts but there was no finding of contempt. They pointed out that, while TXS Property Services, LLC made the required payments they did not do so in a timely manner. Thus, XE Properties, LLC and Mr. Thomas maintained that the trial court was unreasonable holding Mr. Thomas and XE Properties, LLC in contempt. The Sheriff filed a brief in opposition. The Sheriff pointed out that, unlike in the instant matter, TXS Property Services, LLC paid the full bid, that the Sheriff withdrew its motion to show cause in the TXS Property Services, LLC case, and that the decision in this matter was issued before the decision in the TXS Property Services, LLC matter. On September 11, 2019, the trial court denied the second motion for relief from judgment. Mr. Thomas and XE Properties filed two amended notices of appeal to include the July 24, 2019 and September 11, 2019 entries in their appeal. This Court attempted to mediate this matter; however, it was unsuccessful.

{¶15} Mr. Thomas and XE Properties, LLC have raised four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT'S ORDER, ENTERED MARCH 29, 2019 IS VOID FOR FAILURE TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION, IN VIOLATION OF RULE 53(D)(4)(D) OF THE OHIO RULES OF CIVIL PROCEDURE; AS SUCH, IS NOT AN APPEALABLE ORDER.

{¶16} Mr. Thomas and XE Properties, LLC argue in their first assignment of error that the trial court in its March 29, 2019 entry failed to conduct an independent review of the

magistrate's decision in violation of Civ.R. 53(D)(4)(d) and assert that the order is not final and appealable.

{¶17} "A magistrate's decision is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b). "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). "A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment * * *." Civ.R. 53(D)(4)(e). "Thus, for a trial court's ruling on a magistrate's decision to be final and appealable, the trial court must independently enter judgment setting forth the outcome of the dispute, indicating the remedy provided, and fully determining the action." *Figetakis v. My Pillow, Inc.*, 9th Dist. Summit No. 29136, 2020-Ohio-3949, ¶ 10.

{¶18} Here, despite Mr. Thomas' and XE Properties, LLC's claim to the contrary, the trial court's order is final and appealable as the trial court did independently enter judgment. *See id.*

{¶19} Nonetheless, the foregoing does not foreclose the possibility that the trial court failed to comply with Civ.R. 53(D)(4)(d) in entering judgment. "Appellate courts * * * presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *. Accordingly, a party asserting error bears the burden

of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis. An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." (Internal quotations and citations omitted.) *Stowe v. Chuck's Automotive Repair, LLC*, 9th Dist. Summit No. 29017, 2019-Ohio-1158, ¶ 7.

{¶20} Here, as pointed out by Mr. Thomas and XE Properties, LLC, there are some troubling features of the trial court's entry. *See Weber v. Devanney*, 9th Dist. Summit Nos. 28876, 28938, 2018-Ohio-4012, ¶ 21 (noting that the trial court's language in its judgment entry can affirmatively demonstrate a failure to conduct the appropriate review). In the entry, the trial court adopts the magistrate's decision and enters judgment. However, that judgment essentially reiterates the conclusions of the magistrate's decision. It includes no independent analysis of the objections nor does it reference portions of the record. *See Stowe* at ¶ 9 (concluding appellant had not demonstrated the absence of an independent review when the trial court did not merely adopt the magistrate's decision, pointed to testimony not referenced by the magistrate, and struck one of the magistrate's findings).

{¶21} Notably, the trial court's entry does not reference Civ.R. 53(D)(4)(d) in its judgment entry. While the trial court began the entry by noting that the matter was before it for independent review, it points to Civ.R. 53(D)(4)(c), the provision detailing the procedure when there are no objections, as opposed to Civ.R. 53(D)(4)(d). The trial court then stated that, "[u]pon consideration of the magistrate's decision, and all of the associated briefing, the court determines that there is no error of law or defect on the face of the magistrate's decision." This language also comes from Civ.R. 53(D)(4)(c). The trial court next determined that "the magistrate's decision contains sufficient findings of fact and conclusions of law to allow this

court to make its own independent analysis of the issues and to apply the appropriate rules of law in making its final judgment entry in this matter." While this is similar to language in Civ.R. 53(D)(4)(d), it misstates the duty of the trial court. Civ.R. 53(D)(4)(d) requires the trial court to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d) thus contemplates that the trial court conducts an independent review focused on the areas objected to in order to determine if the magistrate's findings and conclusions are correct. The trial court's language implies that it only examined the findings and conclusions and determined that they were sufficient to allow the trial court to review the objections; it does not indicate that the trial court conducted the appropriate independent review.

{¶22} Considering the entirety of the entry, and the arguments made on appeal, we agree that the trial court failed to undertake the appropriate review contemplated by Civ.R. 53(D)(4)(d).

{¶23} Accordingly, we sustain Mr. Thomas' and XE Properties, LLC's first assignment of error.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS RULING ON THE OBJECTIONS, WHEN IT FOUND GARY L. THOMAS IN CONTEMPT OF COURT FOR THE FAILURE OF XE PROPERTIES LLC TO PAY THE PURCHASE PRICE OF THE PROPERTY.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING XE PROPERTIES LLC'S OBJECTION THAT PAYMENT OF THE BALANCE DUE THAT WAS INTENDED FOR THE CREDITOR WAS NOT REQUIRED UNDER THE CONFIRMATION OF SALE BECAUSE SAID CREDITOR DISCLAIMED AND WAIVED ALL INTEREST IN THE PROCEEDS FROM THE SALE OF THE PROPERTY.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO SUSTAIN APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT OR ORDER, FILED AUGUST 22, 2019, WHEN A DEBTOR IN A COMPANION CASE FAILED TO PAY THE PURCHASE PRICE WITHIN 30 DAYS, AS REQUIRED UNDER A CONFIRMATION OF SALE, WAS NOT FOUND IN CONTEMPT FOR FAILURE TO DO AS SUCH.

{¶24} Mr. Thomas and XE Properties, LLC assert in their second assignment of error that the trial court erred in finding Mr. Thomas in contempt. In their third assignment of error, they argue that the trial court erred in finding XE Properties, LLC in contempt. In their fourth assignment of error, they maintain that the trial court abused its discretion in failing to grant their second motion for relief from judgment.

{¶25} In light of our disposition of the first assignment of error, these arguments are not properly before this Court at this time, and we decline to address them.

III.

{¶26} Mr. Thomas' and XE Properties, LLC's first assignment of error is sustained. The remaining assignments of error are not properly before us at this time. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ROBERT C. MEEKER, Attorney at Law, for Appellant.

REGINA M. VANVOROUS, Assistant Prosecuting Attorney, for Appellee.